## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

             **Plaintiff,**

v.

VICTOR MANUEL CASTRO
HUERTA,
a/k/a "VICTOR LOPEZ,"
a/k/a "VICTOR CASTRO"

             **Defendant.**

**Case No. 20-CR-255-CVE**

### Plea Agreement Pursuant to
### Federal Rule of Criminal Procedure 11(c)(1)(C)

The United States of America, by and through Clinton J. Johnson, Acting United States Attorney for the Northern District of Oklahoma, and Kristin Harrington and Vani Singhal, Assistant United States Attorneys, and the defendant, Victor Manuel Castro Huerta, in person and through counsel, Thomas W. Bartee, respectfully inform the Court that they have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C).

1.    **Plea**

The defendant agrees to enter a voluntary plea of guilty to the following:

**Count Two: Child Neglect in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, 13, and 2, and 21 O.S. § 843.5(C)**

Revised 02-28-20 (11c1C)


Defendant's Initials

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count to which the defendant is pleading guilty.

**2.      Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.  the right to be indicted if proceeding by Information;

b.  the right to plead not guilty;

c.  the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.  at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.  the defendant has the right to assist in the selection of the jury;

f.  during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.  the defendant has the right to confront and cross-examine witnesses against the defendant;

h.  if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.  if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j.  if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

2

U C
Defendant's Initials

k.  at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence; and

l.  any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading

guilty, the defendant understands that the defendant may have to answer questions

posed to defendant by the Court, both about the rights that the defendant will be

giving up and the factual basis for the defendant's plea.

### 3.     Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the United States in

this plea agreement, the defendant knowingly and voluntarily agrees to the following

terms:

a.   The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.   The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c.   The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, including any assessment, forfeiture, restitution order, the length of term of supervised release and any condition of supervised release, except for claims of ineffective assistance of counsel.

3

Ve
Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate

and post-conviction rights; that the defendant understands his rights; and that the

defendant knowingly and voluntarily waives those rights as set forth above.

Victor Castro
Victor Manuel Castro Huerta

**4.     Departure and Variance Waiver**

In consideration of the promises and concessions made by the United States in

this plea agreement, the defendant knowingly and voluntarily agrees to the

following:

a.  the defendant agrees not to request, recommend, or file a motion seeking a
departure from the Guidelines range; and

b.  the defendant agrees not to request, recommend, or file a motion seeking a
variance below the Guidelines range pursuant to the § 3553(a) factors.

**5.     Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative,

to request or to receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case including, without

limitation, any records that may be sought under the Freedom of Information Act, 5

U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**6.     Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all of the rights afforded

defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal

Revised 02-28-20


Defendant's Initials

Procedure.  In other words, after entry of a plea made pursuant to this plea

agreement, and in consideration thereof, the following shall be admissible against the

defendant:

      a.  A plea of guilty which is later withdrawn or which the defendant seeks to
withdraw, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C);

      b.  Any statement made in the course of any proceeding under Rule 11
regarding said plea of guilty; and

      c.  Any statement made in the course of plea discussions with an attorney or
agent for the Government, or which were made pursuant to a proffer letter
agreement, which result in a plea of guilty later withdrawn, unless done pursuant to
Fed. R. Crim. P. 11(c)(1)(C).

### 7.   Waiver of Right to Jury Trial on Sentencing Factors

The defendant, by entering this plea, also waives the right to have facts that

determine the offense level under the Sentencing Guidelines (including facts that

support any specific offense characteristic or other enhancement or adjustment) (1)

charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable

doubt.  The defendant explicitly consents to have the sentence based on facts to be

established by a preponderance of the evidence before the sentencing judge pursuant

to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v.*

*Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any

reliable evidence without regard to its admissibility at trial.  The defendant explicitly

acknowledges that his plea to the charged offense authorizes the Court to impose any

sentence up to and including the maximum sentence set forth in the United States

U C
_____
Defendant's Initials

Code.  The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

### 8.     Payment of Monetary Penalties

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement.  The defendant understands that, by law, interest accrues on any remaining balance of the debt.

That monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. Section 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

### 9.     Restitution for Offense of Conviction

The defendant understands that the Court can order the defendant to pay restitution for the full loss caused by defendant's conduct set forth above.  The defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses.  At this time, the Government has not received anticipated restitution requests.   When received, the requests will be provided to the defendant.   The Government is aware that the following victim has suffered the following losses:

6

Vc

Defendant's Initials

A.S.C., a victim known to the Grand Jury and identified in the discovery. The amount of restitution is to be determined by the Court at sentencing.

**10.    Restitution not Dischargeable in Bankruptcy**

The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

**11.    Special Assessment**

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

**12.    Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict under Child Neglect in Indian Country charged in violation of 18 U.S.C. §§ 1151, 1152, 13, and 2, and 21 O.S. § 843.5(C) are as follows:

**First:**    The defendant was responsible for a child's health, safety, or welfare;

**Second:**    The defendant willfully or maliciously;

**Third:**    Failed or omitted to provide;

**Fourth:**    Adequate nurturance and affection, food, shelter, sanitation, hygiene, education, behavioral health care, medical and dental care, supervision and appropriate caretakers, and / or special care made necessary by the physical or mental condition of the child,

**Fifth:**    The child was under the age of eighteen;

**Sixth**:    The child was an Indian;

7


Defendant's Initials

**Seventh**:     The defendant is non-Indian; and

**Eighth**:     The failure or omission to provide took place in the Cherokee Nation's reservation with in the Northern District of Oklahoma.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, Victor Manuel Castro Huerta, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crime alleged in Count Two in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crime.

> I, Victor Manuel Castro Huerta, admit that from in or about 2012 and continuing until on or about November 29, 2015, I was a non-Indian male responsible for the health, safety, and welfare of A.S.C., an Indian child under the age of eighteen, and willfully or maliciously failed or omitted to provide adequate nurturance and affection, food, shelter, hygiene, sanitation, appropriate education, supervision, and appropriate caretakers, behavioral health care, medical and dental care, and special care made necessary by the physical and mental condition of A.S.C.
>
> Specifically, during 2012 and continuing to 2015, I lived at 1932 North Norwood Place, Tulsa, Oklahoma within the Northern District of Oklahoma and the Cherokee Nation Reservation.  During this time, I was married to Christina Calhoun and lived with Christina Calhoun and her daughter, A.S.C., who I knew had several serious medical issues which required routine medical care. I was also aware that A.S.C. needed assistance with feeding herself.  I knew about A.S.C.'s medical issues and how to feed her, but willfully failed to ensure A.S.C. was transported to medical appointments and adequately nourished. Additionally, I willfully failed to ensure A.S.C.'s crib and shelter were sanitary and safe.

8

V C
Defendant's Initials

_Victor Castro_                    _Oct. 15, 2021_
Victor Manuel Castro Huerta        Date
Defendant

**13.    Further Prosecution**

The United States shall not initiate additional criminal charges against the

defendant in the Northern District of Oklahoma that, as of the date of the

defendant's acceptance of this agreement, arise from its investigation of the

defendant's actions and conduct giving rise to the instant Indictment, save and

except crimes of violence and criminal acts involving violations investigated by the

United States Internal Revenue Service.  The defendant understands, however, that

this obligation is subject to all "Limitations" set forth below, and that the United

States Attorney's Office for the Northern District of Oklahoma is free to prosecute

the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not

discovered by or revealed to the Government during its investigation or occurring

after the date of this agreement.

**14.    Dismissal of Remaining Counts**

If the Court finds the defendant's plea of guilty to be freely and voluntarily made

and accepts the plea, then the United States will move, at the appropriate time, to

dismiss the remaining counts in the instant case, if any, as to this defendant.

9

_VC_
Defendant's Initials

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), if the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter.  In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

### 15.   Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1.  The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor.  The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States.  If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is

10

Defendant's Initials

pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

### 16.   Consent to Removal from the United States

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS).  If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal.  The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration.  The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

### 17.   Waiver of Rights Related to Removal from the United States

The defendant agrees to waive the defendant's rights to any and all forms of relief from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations.  These rights include, but are not

11

Defendant's Initials

limited to, the ability to apply for the following forms of relief: (a) voluntary

departure; (b) asylum; (c) cancellation of removal; (d) withholding or suspension of

deportation; and (e) adjustment of status.

**18.    Abandonment of Pending Applications for Relief from Removal**

The defendant understands that any application for relief from removal,

deportation, or exclusion the defendant filed prior to the completion of this plea

agreement shall be deemed abandoned.  The defendant further understands and

agrees that the filing of any applications for relief from removal, deportation, or

exclusion, either written or oral, or the prosecution of any pending applications,

before any federal court, the Board of Immigration Appeals, an immigration judge,

or the DHS, shall breach this plea agreement.

**19.    The Defendant's Cooperation in Removal Proceedings**

The defendant agrees to assist the DHS in the execution of the defendant's

removal.  Specifically, the defendant agrees to assist the DHS in the procurement of

any travel or other documents necessary for the defendant's removal; to meet with

and to cooperate with representatives of the country or countries to which the

defendant's removal is directed; and to execute those forms, applications, or waivers

needed to execute or expedite the defendant's removal.  The defendant further

understands that the defendant's failure or refusal to assist the DHS in the execution

of the defendant's removal shall breach this plea agreement and may subject the

defendant to criminal penalties under 8 U.S.C. § 1253.

12

U C
Defendant's Initials

20.   **Sentence**

   a. **Imprisonment**

The defendant acknowledges that under of 18 U.S.C. §§ 1151, 1152, 13, and 2, and 21 O.S. § 843.5(C) upon conviction, the defendant will be punished by imprisonment in prison for a term not exceeding life imprisonment, or by imprisonment in a county jail not exceeding one (1) year, or by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00), or both such fine and imprisonment.

   **Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed five years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If

13

U C
Defendant's Initials

a second or subsequent term of supervised release is revoked, the Court may impose

another term of imprisonment not to exceed the difference between any

imprisonment imposed for a prior revocation of supervised release for the offense of

conviction and the term of imprisonment authorized pursuant to 18 U.S.C. §

3583(e)(3).  Accordingly, the original term of imprisonment when combined with

any term of imprisonment arising from revocations of supervised release, may result

in a total amount of imprisonment greater than the statutory maximum term for the

offense of conviction.

### b.  Guidelines

The defendant is aware that the Sentencing Guidelines promulgated pursuant to

the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28

U.S.C. § 991 through § 998, are advisory.  The district courts, while not bound to

apply the Sentencing Guidelines, must consult those Guidelines and take them into

account when sentencing.  See 18 U.S.C.A. § 3553(a).  The sentence imposed in

federal court is without parole.

Nothing in this plea agreement, save and except any stipulations contained

herein, limits the right of the United States to present to the Court or Probation

Office, either orally or in writing, any and all facts and arguments relevant to the

defendant's sentence that are available to the United States at the time of sentencing.

The defendant acknowledges hereby that relevant conduct, that is, conduct charged

in any dismissed count and all other uncharged related criminal activities, will be

14

Defendant's Initials

used in the Sentencing Guidelines calculation. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.  The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge.

**21.**   **Stipulations**

The defendant and the United States stipulate and agree as follows:

a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence of seven (7) years of imprisonment to run concurrently with Tulsa County Case No. CF-2015-6478. The parties recognize that defendant has been imprisoned under Tulsa County Case No. CF-2015-6478 for the conduct encompassed in the instant case since on or about December 14, 2015. Accordingly, the parties stipulate that, pursuant to U.S.S.G. § 5G1.3(b), if the Court determines that such period of imprisonment under Tulsa County Case No. CF-2015-6478 will not be credited to the federal sentence by the Bureau of Prisons, the sentence in this matter be adjusted for the time defendant spent in state and/or federal custody since December 14, 2015 for such conduct.  In that instance, the parties would request that the Court subtract (*i.e.*, downwardly adjust) the amount of time served since December 14, 2015 from the time the Court orders to be served, and that this downwardly adjusted time be reflected in the Judgment and Commitment. If the state sentence in CF-2015-6478 is not vacated, then defendant's federal sentence is to run concurrently with his state sentence in CF-2015-6478 and the court may

15


Defendant's Initials

recommend a non-federal place of confinement for the remainder of the federal sentence in the Oklahoma Department of Corrections.  As a part of this sentence the defendant agrees not to have any contact, directly or indirectly through any medium (e.g., telephone, text message, letter, etc.) or through any other person, with victim A.S.C. and the parents who have adopted her.  The parties have considered various factors in fashioning this sentence, including the victim's complex medical situation and extensive medical history prior to the neglect, the defendant's acceptance of responsibility, the strength of the evidence, judicial economy, and the interests of justice. Further, the Government has consulted with A.S.C.'s family and they have expressed their consent to this sentence and desire for this prosecution to be concluded. For these reasons, a sentence of seven years meets the sentencing goals for this type of case and this defendant.  The parties agree upon this sentence regardless of any advisory Sentencing Guidelines calculations.

b.  The parties agree that the defendant may withdraw his plea of guilty in the event that the Court rejects the plea agreement.

c.  Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

16

ひ c
Defendant's Initials

## 22.    Limitations

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

## 23.    Breach of Agreement

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein.  Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement


Defendant's Initials

under Rule 11(c)(5), except for the limited reasons outlined above in this paragraph, and except as provided in Fed. R. Crim. P. 11(c)(1)(C).

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), in the event that Victor Manuel Castro Huerta, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement.  This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

**24.   Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
ACTING UNITED STATES ATTORNEY

_Kristin Harrington_ (signature)        10/15/2021
Kristin Harrington                      Dated
Vani Singhal
Assistant United States Attorneys

18

Revised 02-28-20


Defendant's Initials

_____

Thomas W. Bartee
Attorney for Defendant

_____Oct. 15, 2021_____

Dated

_Victor Castro_____

Victor Manuel Castro Huerta
Defendant

_____Oct 15, 2021_____

Dated

19

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_Victor Castro_____         _Oct. 15, 2021_____
Victor Manuel Castro Huerta                    Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____         _Oct. 15, 2021_____
Thomas W. Bartee                              Dated
Counsel for the Defendant

20

Revised 02-28-20

_VC_____
Defendant's Initials