IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cr-00255-CVE-2 |
| | ) | |
| VICTOR MANUEL CASTRO HUERTA, | ) | |
| Defendant. | ) | |
| | ) | |

# SENTENCING MEMORANDUM

Mr. Castro Huerta offers this sentencing memorandum to briefly address the plea agreement's provisions calling for a recommendation that the Bureau of Prisons designate the Oklahoma Department of Corrections be designated for service of Mr. Castro Huerta's federal sentence. Paragraph 21.a of the plea agreement includes a request that if Mr. Castro Huerta's state sentence is not vacated: (1) that his federal sentence run concurrently with the state; and (2) that the Court recommend that the OKDOC be designated as the place of imprisonment for the federal sentence. With the Supreme Court's decision in *Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486 (2022), Mr. Castro Huerta's state conviction has effectively been reinstated. This memorandum explains why the Court should recommend designation to the OKDOC to effectuate this aspect of the plea agreement.

Mr. Castro Huerta's federal sentence will only commence when he "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In most

cases, this would occur within weeks after the imposition of the federal sentence. The situation is more complex where, after a federal sentencing, a defendant will be returned to state prison.

"Under the doctrine of primary custody, an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him." *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). But the sovereign that arrests a defendant generally retains primary custody until that custody is somehow relinquished. *Id.*; *see also Wiseman v. Wachendorf*, 984 F.3d 649, 653 (8th Cir. 2021) ("The first sovereign to establish physical custody over a criminal defendant retains primary jurisdiction until it releases jurisdiction,"). The first sovereign therefore retains custody of the defendant until the sentence is served. *Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002). If a defendant is arrested by state authorities, the state retains primary jurisdiction even though the defendant is transferred to federal authorities under a writ of habeas corpus ad prosequendum. *See Wiseman, supra* ("Not every change in custody constitutes a release of primary jurisdiction. When a State with primary jurisdiction transfers a prisoner to the United States pursuant to a writ of habeas corpus ad prosequendum, for example, the prisoner is considered merely "on loan" from the State.").

Here, Mr. Castro Huerta was brought into federal custody via a writ of habeas corpus ad prosequendum. (Docs. 6, 10, 11). When the writ was issued, Mr. Castro Huerta was an inmate in the Oklahoma Department of Corrections, under sentence in Tulsa County Case No. CF-2015-6478. Thus, the State of Oklahoma is the sovereign with primary jurisdiction over him, and he would thus normally not begin to serve his federal sentence until his state sentence expires. *See Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006) ("As a

result, Binford's federal sentence never began until he was finally received into federal custody for the purpose of serving his federal sentence, after completing his state sentence."). Mr. Castro Huerta is subject to a 35-year state sentence. *Castro-Huerta*, 142 S.Ct. at 2491. The sentence in this case, even though it is concurrent with the state sentence, ordinarily could not commence until Mr. Castro Huerta is paroled in the state matter, which could be many years.

The solution requires that Mr. Castro Huerta's federal sentence "commence" while he is in the Oklahoma Department of Corrections. Fortunately, a federal statute allows the Bureau of Prisons to designate non-federal institutions for service of federal sentences: "The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government *or otherwise* ..." 18 U.S.C § 3621(b) (emphasis added). The BOP has issued a program statement under which "[s]tate institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." PS 5160.05 at 1. Under this program statement, "[w]hen a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence." *Id.* at 3. The program statement also includes model language for inclusion in judgments to effectuate a court's intent to impose a federal sentence concurrent with a state sentence:

- "Said sentence to run concurrently with the state sentence the

      defendant is presently serving."

- "Sentence to run concurrently with sentence imposed under Docket 168-88, San Diego County Court, on May 14, 1988."

- "Sentence is hereby ordered to run concurrently with any other sentence presently being served."

- "Sentence to begin immediately."

*Id.* at 5. Concurrent sentencing can be achieved by ordering that the federal sentence run concurrently with the state sentence and by recommending that the Oklahoma Department of Corrections be designated for service of the federal sentence.

                                  Respectfully submitted,

                                  S/Thomas W. Bartee
                                  Thomas W. Bartee, #15133
                                  Assistant Federal Public Defender
                                  117 SW. 6th Avenue, Suite 200
                                  Topeka, KS  66603
                                  (785) 232-9828
                                  Fax: (785) 232-9886
                                  Email: Tom_Bartee@fd.org
                                  Attorney for Defendant

## **CERTIFICATE OF SERVICE**

   I hereby certify that on July 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

    Kristin Harrington
    Assistant United States Attorney
    Kristin.Harrington@usdoj.gov

                                  S/Thomas W. Bartee
                                  Thomas W. Bartee, #15133