## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 20-CR-255-CVE** |
| **VICTOR MANUEL CASTRO HUERTA,** a/k/a "VICTOR LOPEZ," a/k/a "VICTOR CASTRO,"| |
| **Defendant.** | |

### Response to Defendant's Sentencing Memorandum (Dkt. # 59)

The Court should deny Victor Castro Huerta's request for the Court to designate the Oklahoma Department of Corrections as a non-federal facility for him to serve his federal sentence of imprisonment because the state vacated his conviction and dismissed his state case last September, and neither his state conviction nor the accompanying sentence has been reinstated. (*See* Tulsa County Case No. CF-2015-6478, Min. Order 9-27-2021.[1]) Consequently, Mr. Castro Huerta is not currently in the custody of the state, and no state prison facility exists where he may serve his federal sentence. Therefore, this Court should sentence Mr. Castro Huerta consistent with the plea agreement and adjust the sentence downward pursuant to Sentencing

---

[1] "Pursuant to mandate received from the Oklahoma Court of Criminal Appeals, conviction and sentence entered on 11-29-2017 vacated. Case dismissed cost to state due to lack of jurisdiction. Vacated judgment and sentence issued."

Guideline § 5G1.3(b) to address the periods he served in state custody before this federal case.

On or about November 6, 2019, Mr. Castro Huerta sought to vacate his state conviction and subsequently argued that *McGirt v Oklahoma*, 140 S.Ct. 2452 (2020), required the dismissal of his state court conviction. The state court eventually dismissed his state conviction on September 27, 2021. On November 2, 2020, the grand jury charged Victor Castro Huerta with one count of child neglect in Indian Country. (Dkt. # 2). On March 24, 2021, this Court granted a writ of habeas corpus *ad prosequendum* directing the state prison warden to release Mr. Castro Huerta to the United States Marshal for federal prosecution. (Dkt. ## 6, 10). Soon after, the United States Marshal delivered Mr. Castro Huerta to the custody of the federal government where he has remained ever since.

On September 21, 2021, the Oklahoma Court of Criminal Appeals ("OCCA") issued its mandate directing the Tulsa County District Court to vacate and dismiss Mr. Castro Huerta's Tulsa County conviction for lack of jurisdiction. (*See* OCCA Case No. F-2017-1203, Mandate). On September 27, 2021, the district court vacated the judgment and dismissed Castro Huerta's state case. The state appealed the OCCA's decision to the United States Supreme Court, which reversed, holding that the state had concurrent jurisdiction over Mr. Castro Huerta. *Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486 (2022). Although the Supreme Court's mandate has issued, neither the state case nor Mr. Castro Huerta's sentence has been reinstated.

On October 15, 2021, Mr. Castro Huerta entered a plea of guilty in this federal

2

case, and the parties stipulated in ¶ 21(a) of the plea agreement that the appropriate sentence in this case was seven years imprisonment to run concurrently with Tulsa County Case No. CF-2015-6478. (Dkt. #52). The parties agreed to two potential sentencing options with both options designed to achieve the same result: Mr. Castro Huerta's prison sentence in this case would take into consideration his prior incarceration in his state and federal cases. As a part of the first option, the parties stipulated that if Mr. Castro Huerta's state sentence was not reinstated by the time of his federal sentencing, the Court could, pursuant to Sentencing Guideline § 5G3.1(b), adjust downward from the agreed seven-year term to give Mr. Castro Huerta credit for his incarceration prior to the federal government taking him into custody. Under this first sentencing option, the parties agreed to request the Court adjust downward the sentence to take into consideration the amount of time Mr. Castro Huerta served since December 14, 2015.

Under the second sentencing option, the parties agreed that if Mr. Castro Huerta's state sentence was reinstated, his federal sentence should run concurrently with his state sentence and the Court could recommend a non-federal place of confinement for the duration of the federal sentence.

As of this filing, Mr. Castro Huerta's state sentence has not yet been reinstated. While the state exercised primary jurisdiction over Mr. Castro Huerta based upon his prior state sentence, that sovereign relinquished primary jurisdiction over him on September 27, 2021, when the state court dismissed his case. *See United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) *("[A] sovereign can only relinquish primary jurisdiction*

3

*in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence."*). Therefore, after the state court's dismissal, federal authorities assumed primary jurisdiction over Mr. Castro Huerta.

Contrary to Mr. Castro Huerta's assertion, *Binford v. United States,* 436 F.3d 1252, 1253 (10th Cir. 2006), does not dictate a different result. In *Binford*, the defendant was the subject of two sentences, each one issued by separate sovereigns. *Id.* Unlike *Binford*, Mr. Castro Huerta is currently subject to only one sentence: the federal term to be imposed in this case.  Therefore, the second sentencing option, in which the Court could recommend a non-federal place of confinement for the duration of the federal sentence is unavailable.

As a result, this Court should sentence Mr. Castro Huerta based on the agreed seven-year term, to be served in the custody of the federal Bureau of Prisons. As contemplated by the plea agreement, the Court should then find that the conduct alleged in Tulsa County Case No. CF-2015-6478 is relevant conduct to the instant offense, depart downward pursuant to Sentencing Guideline § 5G1.3(b), and grant Mr. Castro Huerta credit for the time he has served in state and federal custody since December 14, 2015.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ Kristin F. Harrington*
Kristin F. Harrington, OBA No. 21185
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2785

## Certificate of Service

I hereby certify that on the day of August 1, 2022, I served the foregoing document via electronic email, on the following:

Mr. Thomas W. Bartee
Tom_Bartee@fd.org
Counsel for Mr. Castro Huerta

*/s/ Kristin F. Harrington*
Kristin F. Harrington
Assistant United States Attorney