UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CR-0255-02-CVE |
| | ) |
| VICTOR MANUEL CASTRO HUERTA, | ) |
| a/k/a Victor Lopez, | ) |
| a/k/a Victor Castro, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant has changed his plea to guilty pursuant to a plea agreement, and the case is set for a sentencing hearing on August 8, 2022. The crime to which defendant pled guilty carries a maximum sentence of life imprisonment, but the parties agreed to a sentence of 84 months in the plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). However, the Court has not accepted the plea agreement and Court will determine at the sentencing hearing whether the plea agreement should be accepted. Defendant was previously charged with a crime arising out of the same offense conduct in Oklahoma state court, and he was sentenced to 35 years imprisonment. Defendant is not a member of an Indian tribe, but the victim was determined to be a member of the Cherokee Nation. Victor Manuel Castro-Huerta v. State of Oklahoma, F-2017-1203 (Okla. Crim. App. Apr. 29, 2021). In light of the Supreme Court's decision in McGirt v. United States, 140 S.Ct. 2452 (2020), the Oklahoma Court of Criminal Appeals vacated defendant's state court conviction, and the matter was reviewed by the United States Supreme Court to determine if the state of Oklahoma had concurrent jurisdiction over cases in which only the victim was an Indian. The Supreme Court found that

Oklahoma did have concurrent jurisdiction over the offense, remanded the case to the Oklahoma Court of Criminal Appeals, and that court is considering whether to reinstate defendant's state court conviction.  See Oklahoma v. Castro-Huerta, 142 S.Ct. 2486 (2022).  The state has filed notice in that court seeking to immediately reinstate defendant's state court conviction due to the "possibility that [defendant] may be released federal custody following his sentencing proceeding on August 8, 2022."  Victor Manuel Castro Huerta v. State of Oklahoma, F-2017-1203 (Okla. Crim. App. Aug. 1, 2022).

The Court finds that the sentencing hearing currently set should be continued approximately 60 days to allow for resolution of the state court proceedings as to reinstatement of defendant's state court conviction.  Defendant is facing up to a life sentence on his federal conviction, and the Court has not determined whether it will accept the parties' Rule 11(c)(1)(C) plea agreement.  The resolution of the state court proceedings may affect the Court's determination concerning acceptance of the plea agreement.  Under Fed. R. Crim. P. 32, a federal district court must sentence a defendant "without unreasonable delay," but the Court finds that some delay is warranted under the unique circumstances of this case and in the interest of justice.

**IT IS THEREFORE ORDERED** that the sentencing hearing set for August 8, 2022 is **stricken**, and the sentencing hearing is **reset for October 7, 2022 at 9:30 a.m.**

**DATED** this 4th day of August, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE